GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
Until the most recent iteration of this case, it has been completely undisputed that T.A.’s parents sent him to Mount Bachelor Academy for two kinds of reasons: reasons related to his disability and reasons unrelated to his disability. We need look no further than our original *1242 opinion. “[T]he Hearing Officer found that T.A.’s parents sent him to Mount Bachelor Academy not only because of his disabilities, but also for reasons unrelated to his disabilities.... ” Forest Grove Sch. Dist. v. T.A., 523 F.3d 1078, 1089 (9th Cir.2008) (emphasis added), aff'd, — U.S. -, 129 S.Ct. 2484, 174 L.Ed.2d 168 (2009). “The district court adopted all of the Hearing Officer’s factual findings, and the [Forest Grove] School District has not appealed any of those findings.” Id. at 1087 n. 10; see also 129 S.Ct. at 2489 (“The District Court accepted the hearing officer’s findings of fact....”).
On remand, the district court found otherwise. The district court found that T.A.’s parents enrolled him at “MBA [Mount Bachelor Academy] not because of any disability recognized by the IDEA [Individuals with Disabilities in Education Act] but because of his drug abuse and behavioral problems.” (Emphasis added.) Under any standard of review, I am at a loss as to why the district court did not clearly err. If it is established that both X and Y caused an event, then a finding that only X, but not Y, caused the event is clearly erroneous. In so ruling, the district court erred in four ways.
First, its decision contravenes the doctrine of the law of the case. Because the School District did not appeal the two-reasons factual finding in the original appeal, the district court lacked authority to reconsider that finding. See United States v. Phillips, 367 F.3d 846, 856 (9th Cir.2004) (“The law of the case doctrine precludes a court from reconsidering an issue that it has already resolved.”).
Second, the district court’s decision contravenes our case law establishing that the court must provide a sufficient explanation when it rejects an agency’s factual finding. See Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1474 (9th Cir.1993) (“The court, in recognition of the expertise of the administrative agency, must consider the findings carefully and endeavor to respond to the hearing officer’s resolution of each material issue. After such consideration, the court is free to accept or reject the findings in part or in whole.... [But] courts are not permitted simply to ignore the administrative findings.” (citations and internal quotation marks omitted)). Here, the district court never stated that it was rejecting the Hearing Officer’s factual finding — although it was — and, therefore, never undertook an appropriate analysis. Instead, the court simply ignored the administrative finding, which it may not do. Id.
In addition to those independent and sufficient reasons to reverse, the district court’s decision lacks support in the record, its third reversible error. Overwhelming evidence, including testimony, doctor’s records, and other documents, demonstrate that T.A.’s parents enrolled T.A. at Mount Bachelor Academy both for reasons unrelated to his disabilities and for reasons related to his disabilities. It came as no surprise that the Hearing Officer found that both reasons motivated T.A.’s parents. Indeed, the School District did not dispute that factual finding before the Hearing Officer, before the district court, before this court, or before the Supreme Court. Even after we reiterated in our opinion the Hearing Officer’s factual finding,[1] the School District did not dispute that finding in its petition for rehearing or in its petition for certiorari.
*1243 One of the many documents supporting the Hearing Officer’s factual finding was the Mount Bachelor Academy application. When T.A.’s parents enrolled him at Mount Bachelor Academy, his father completed an 18-page application regarding T.A. and his needs. The father’s responses make it crystal clear that T.A.’s parents enrolled T.A. both for reasons unrelated to his disabilities and for reasons related to his disabilities. Concerning T.A.’s disabilities, his father stated on the application that his son’s “learning difficulties” included “verbal processing [and] ADHD”; he stated that T.A. had been diagnosed with “ADHD” and “verbal processing difficulty”; and he stated that his “specific objectives” for T.A. included “improved verbal processing skills” and “study habits.”[2]
In reaching its conclusion that T.A.’s disabilities played no role in the parents’ decision, the district court impermissibly relied on only one answer, taken out of context. In response to the one question that queried which “specific events precipitated enrollment to this program,” T.A.’s father listed only reasons unrelated to T.A.’s disabilities; he did not state “ADHD” or “school difficulties.” But viewing that response in isolation makes no sense. As noted above, T.A.’s father repeatedly expressed his desire, on the very same application form, that the private school address T.A.’s ADHD and school difficulties, including in his responses to the surrounding questions. And, also as noted above, numerous documents and other evidence supported the Hearing Officer’s factual finding.
Were the district court’s myopic focus on one response out of dozens not already apparent from its factual finding concerning the parents’ reasons for enrollment, the court’s next factual finding would remove all doubt. The district court found that “T.A.’s father said nothing on the MBA application about the one ADHD symptom for which the School District could be liable, T.A.’s trouble with his school work.” Again, the record belies that finding. For example, T.A.’s father stated on the application that T.A.’s “learning difficulties” included “has a hard time with math,” “tests poorly due to speed,” “low working memory,” and “math disability”; and his “specific objectives” for T.A. included “improved verbal processing skills” and “study habits.” The district court clearly erred.
The majority does not defend the district court’s finding on its own terms. See op. at 1240-41. Rather, the majority explains that the district court did not actually mean what it plainly said — that “T.A.’s father said nothing on the MBA application about the one ADHD symptom for which the District could be liable, T.A.’s trouble with his school work.” (Emphasis added.) According to the majority, the district court really meant that, “in response to one question on the MBA application, T.A.’s father said nothing about the one ADHD symptom for which the District could be liable, T.A.’s trouble with his school work.” I cannot accept the majority’s blatant revision of the district court’s opinion or its refusal to address what the court in fact wrote.
In the final analysis, the only support for the district court’s conclusion concerning the parents’ reasons is one response to one question regarding the specific events *1244 that precipitated enrollment, out of an 18-page application. The district court’s reliance on the triggering event alone is a fourth reversible error, this time another error of law.
A child may have a range of special needs stemming from several sources, which might include lack of adequate parenting; inability to speak English; bullying class-mates; drug abuse; anger; laziness; and physical disabilities. The events that finally trigger a decision to send one’s child to private school may or may not relate to the child’s disabilities. But the fact that a particular event precipitates enrollment does not negate the fact that the parents’ decision also is meant to address the child’s disability-related needs. This is particularly true when all of the evidence confirms that, although the triggering events may not have related to disability, the parents undeniably chose a placement in order to meet the child’s disability-related special needs.
This case presents an excellent example. For years, T.A.’s parents sought special services under the IDEA for T.A. and, for years, the School District refused to provide the required services. T.A.’s disabilities and special needs went unmet, and he performed poorly at school. Like many teenagers, while in high school, T.A. began using marijuana, started getting into trouble, and became defiant toward his parents. At wit’s end, T.A.’s parents hired a doctor to evaluate all of T.A.’s needs. T.A. then ran away from home for a few days. After that episode, the doctor concluded his evaluation and recommended that T.A.’s parents send T.A. to Mount Bachelor Academy so that “he could work on drug issues and school related issues and address both his ADHD and his depression.” Hearing Officer’s Decision at 23 (emphases added). One cannot fault the parents for following their doctor’s considered recommendation.
It comes as no surprise, then, that T.A.’s father peppered the Mount Bachelor Academy application with his desire to treat T.A.’s disability and disability-related needs. It also comes as no surprise that T.A.’s father listed as the triggering events the facts that T.A. had run away from home and abused drugs. It was those non-disability-related events that ultimately triggered the decision to seek private placement, but the parents expressly sought to meet their son’s disability-related special needs as well — special needs that the School District repeatedly had refused to provide. It is clear that T.A.’s parents’ intentions were to meet all of T.A.’s needs: not just his disability-related needs, but also not just his non-disability-related needs.
When the parents of a child face a recalcitrant school district that refuses even to acknowledge that it must provide services under the IDEA, and the child also has non-disability-related special needs, what should the parents do? One lesson to be learned from today’s majority decision is that it is much safer if the parents seek treatment only for the child’s disability-related needs. That conclusion runs entirely contrary to the spirit of the IDEA and to common sense. See C.B. v. Garden Grove Unified Sch. Dish, 635 F.3d 1155 (9th Cir.2011). Alternatively, if the parents prudently seek to address all of their child’s needs, they would be wise to answer each and every question with the response: “Disability.” Nothing in law or equity requires such a formalistic approach. T.A.’s parents are to be commended, not punished, for seeking to treat all of T.A.’s special needs. They also should be commended, not punished, for responding honestly and accurately to the questions on the application form, rather than concerning themselves with what might look best to a reviewing court in later years.
*1245 Everyone agrees that the School District denied T.A. a free appropriate public education; everyone agrees that T.A.’s placement at Mount Bachelor Academy was proper; and everyone agrees, as the district court found, that many equitable factors support reimbursement. Indeed, the district court denied complete reimbursement only because of its view that the parents’ reasons for enrollment was the “decisive factor.” Because the district court’s analysis of that factor is clearly incorrect, no equitable factors support the complete denial of reimbursement. T.A.’s parents are entitled to reimbursement.[3] The majority’s sanctioning of the contrary result under the guise of deferential review is deeply disappointing.

. I am puzzled by the majority’s assertion that I claim that we, the appellate court, made a finding of fact in our original opinion. Op. at 1238-39. We did not. But we did state the undisputed fact that “the Hearing Officer found ” that the parents’ reasons were dual: related to T.A.’s disability and unrelated to T.A.’s disability. Forest Grove, 523 F.3d at 1089 (emphasis added).

. Those responses are not surprising. Months before enrollment at Mount Bachelor Academy, T.A.'s parents had hired a doctor to evaluate T.A.'s needs. As the Hearing Officer found, that doctor recommended that T.A.’s parents send T.A. to Mount Bachelor Academy so that "he could work on drug issues and school related issues and address both his ADHD and his depression.” Hearing Officer’s Decision at 23 (emphases added). No one has ever challenged that factual determination.

. To be clear, the fact that the parents chose Mount Bachelor Academy in part for reasons unrelated to T.A.'s disability, combined with the school's high cost, could support a reducilón in reimbursement. But no factor supports the complete denial of reimbursement altogether.